# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **BANICKA MOORE,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**R1 RCM,**<br><br>      **Defendant.** | Case No. 22-2216 |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss (#12) filed by Defendant R1 RCM ("Defendant"). Defendant argues that Plaintiff failed to timely file her suit within ninety days as required by law. 42 U.S.C. § 2000e–5(f)(1). Plaintiff Banicka Moore ("Plaintiff") did not file a response. Pursuant to Local Rule 7.1(B)(2), the Court presumes there is no opposition and will rule without further notice. For the reasons provided below, the Court recommends that Defendant's Motion to Dismiss (#12) be GRANTED.

Plaintiff filed her Complaint (#1) on October 12, 2022, bringing claims against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). In her Complaint, Plaintiff states she filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and received a Right to Sue Notice from the EEOC on July 11, 2022. She also attached the EEOC Right to Sue Notice to her Complaint, dated July 11, 2022, which states in part:

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**.

(#1-1) (emphasis in original).[1]

Title VII, ADEA, and ADA cases must be filed "within ninety days after the [agency's] giving of [final decision] notice." 42 U.S.C. § 2000e-5(f)(1). "This rule applies unless the plaintiff is not at fault for a delay in receiving the Notice of Right to Sue." *Kupiec v. Decatur Athletice Club, Inc.*, 2011 WL 6951844, at *2 (C.D. Ill. Dec. 16, 2011), *report and recommendation adopted,* 2012 WL 27593 (C.D. Ill. Jan. 5, 2012) (citing *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316–1317 (7th Cir.1984)). "Absent such circumstances, the 90–day limit is strict, and complaints filed immediately after the 90–day limit will be dismissed." *Id.* (citing *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (affirming a grant of summary judgment that a complaint was untimely when it was filed 92 days after a Notice of Right to Sue)). "The time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal." *Davis v. Browner,* 113 F.Supp.2d 1223, 1225 (N.D .Ill .2000).

"The Seventh Circuit has held that the filing window begins when a claimant or his attorney 'actually receives' the right-to-sue notice that accompanies the agency's final decision." *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021). "The Court has further clarified that receiving the notice via traditional mail, without opening or reading that notice, is sufficient to trigger the beginning of the filing period." *Lax*, 20 F.4th at 1182.

When a plaintiff is notified of a Right to Sue Notice via an email directing them to the EEOC online portal, the plaintiff cannot "postpone the beginning of the 90-day clock to file a civil suit simply by refusing or neglecting to access the portal." *Mason v. Derryfield Sch.*, 2022 WL 16859666, at *3 (D.N.H. Nov. 7, 2022) (citing *Lax*, 20 F.4th at 1181-82 (affirming dismissal of action as one day late because the limitations period started to run on the day plaintiff received an email notifying him of the EEOC's final decision even though he alleged that he was unable to open the email's attachment until the next day)).

Based on her allegations and exhibit, Plaintiff's ninety-day window to file suit started on July 11, 2022. Ninety days from that date was October 9, 2022. Plaintiff, however, did not file her Complaint until October 12, 2022, ninety-three days after

---

[1] "Attachments to the complaint become a part of the complaint, and the court may consider those documents in ruling on a motion to dismiss." *Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004).

receiving her Right to Sue Notice.[2] Plaintiff does not assert that her receipt was delayed due to circumstances out of her control.

Further, Plaintiff does not assert the doctrine of equitable tolling. Even if Plaintiff did, "[e]quitable tolling ... is reserved for situations in which the claimant 'has made a good faith error (*e.g.*, brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time.' " *Lax*, 20 F.4th at 1183. Plaintiff does not allege any good faith error or that she has been prevented in some extraordinary way from filing her Complaint in time.

Because Plaintiff filed her Complaint more than ninety days after receiving her Right to Sue Notice from the EEOC, the Court recommends that the District Court find that Plaintiff's Complaint is time-barred and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 4th day of April, 2023.

        s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

---

[2] Even disregarding October 9 (a Sunday) and October 10 (a federal holiday), Plaintiff still filed her Complaint one day late.